UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GAYLE-ANNE T. CHAVERS | CIVIL ACTION |
| VERSUS | NO. 13-656-SDD-RLB |
| PENNY PRITZKER, SECRETARY DEPARTMENT OF COMMERCE, MILES CROOM, RUSSELL SWAFFORD, RICHARD HARTMAN, EMPLOYEES OF DEPARTMENT OF COMMERCE | |

**RULING**

This matter is before the Court on the *Motion to Dismiss*[1] by the Defendant, Penny Pritzker, Secretary for the Department of Commerce ("Defendant").[2] An *Opposition*[3] to this motion was filed by Plaintiff, Gayle-Anne T. Chavers ("Plaintiff"). Plaintiff, who is *pro se*, asserts claims under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act, and she seeks back pay, benefits with interests, reimbursement for materials, attorney's fees, and court costs.

The Defendant has moved to dismiss Plaintiff's *Complaint*, arguing that she has

---

[1] Rec. Doc. No. 18.

[2] Plaintiff moved to voluntarily dismiss the individual Defendants in Rec. Doc. No. 20, which was granted by the Court on March 5, 2014 (Rec. Doc. No. 21). Thus, the only portion of the Defendant's motion still pending is the 12(b)(6) motion for failure to state a claim, which Plaintiff opposes.

[3] Rec. Doc. No. 19.

failed to state "enough facts to state a claim to relief that is plausible on its face."[4]  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"[6] Additionally, when ruling on a defendant's motion to dismiss, a court must accept as true all of the factual allegations contained in the complaint.[7]

The Defendant contends that Plaintiff's claims based on her disability are improper to the extent that they are alleged under Title VII because disability discrimination is not actionable under Title VII.  Defendant also contends that Plaintiff has failed to set forth any factual allegations in her *Complaint* to support her claims of discrimination, retaliation, hostile work environment, harassment, and wrongful termination under federal law.  Defendant avers that Plaintiff has made only the following conclusory allegations: "All defendents [sic] engaged in disability discrimination, retaliation, creation of Hostile Work Environment, General Non-Sexual Harassment, and Pretextual termination."[8]  Plaintiff's *Complaint* advises the Court to "[s]ee attachment for further details."[9]

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Twombly*, 550 U.S. at 555, (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)).

[7]  *Id.* at 555 – 556, (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236, (1974)).

[8] Rec. Doc. No. 4, p. 2.

[9] *Id.*

Plaintiff counters that, because she is *pro se*, the Court must liberally construe her pleadings and hold them to a less stringent standard.[10] Plaintiff essentially contends that simply stating her claims is sufficient to satisfy the pleading standard required for *pro se* litigants. Plaintiff particularly relies on *Erickson v. Pardus*,[11] where the Supreme Court held that a *pro se* litigant's *Complaint* pled sufficient facts to satisfy Rule 8(a)(2) of the Federal Rules of Civil Procedure. However, in *Erickson*, the *pro se* plaintiff's complaint had stated that the treating doctor's decision to remove petitioner from his prescribed medication "was endangering [his] life."[12] The complaint also alleged that this "medication was withheld 'shortly after' petitioner had commenced a treatment program that would take one year, that he was 'still in need of treatment for this disease,' and that the prison officials were in the meantime refusing to provide treatment."[13] The Supreme Court held that these allegations satisfied Rule 8(a)(2).

In the present case, Plaintiff has failed to allege factual allegations akin to those in *Erickson*. While Plaintiff is correct that the Court must liberally construe her pleadings, she cannot simply allege that the defendants are liable under various statutes. She must provide at least a short, concise statement of alleged facts upon which she bases her claims. Because Plaintiff is *pro se*, the Court will allow the Plaintiff to amend her *Complaint* to properly allege facts supporting her claims. However, Plaintiff is cautioned that, although the pleadings of a *pro se* litigant are liberally construed, "[n]evertheless, '[e]ven a liberally

---

[10] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1973).

[11] 551 U.S. 89 (2007).

[12] *Id.* at 94.

[13] *Id.*

construed *pro se* civil rights complaint ... must set forth facts giving rise to a claim on which relief can be granted.'"[14]

Therefore, for the reasons set forth above, the Defendant's *Motion to Dismiss*[15] is DENIED without prejudice, reserving the Defendant's right to file the appropriate motion if Plaintiff fails to cure the deficiencies in her *Complaint*. Plaintiff shall file her *Amended Complaint* within twenty-one (21) days from the date of this *Ruling*.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on March 18, 2014.

*[signature]*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[14] *Cox v. Phase III, Investments*, No. H-12-3500, 2013 WL 3110218, at *3 (S.D. Tex. 6/14/13), quoting *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

[15] Rec. Doc. No. 21.